# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYNA ADAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIDALHEALTH CARDIOLOGY | ) | |
| | ) | C.A. No. S22A-11-002 MHC |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Submitted: January 17, 2023
Decided: March 8, 2023

*On the Decision of the Unemployment Insurance Appeals Board*, **AFFIRMED**.

Rayna Adams, *Pro Se Appellant*.

Victoria E. Groff, Esquire, Assistant Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Appellee Unemployment Insurance Appeal Board*.

Victoria W. Counihan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Delaware Division of Unemployment Insurance*.

**Conner, J.**

This 8th day of March 2023, upon consideration of the appeal of Rayna Adams ("Adams") from the decision of the Unemployment Insurance Appeal Board (the "Board"), it appears to the Court that:

**Factual and Procedural History**

1. Adams was previously employed by TidalHealth Cardiology (the "employer").

2. Adams filed a claim for unemployment benefits on April 10, 2022. On April 25, 2022, a Claims Deputy determined Adams was not eligible to receive benefits due to Adams' failure to provide the Delaware Department of Labor Division of Unemployment Insurance (the "Department" or "Division") with proper documentation regarding her identity.[1] The Claims Deputy stated that pursuant to 19 *Del. C.* § 3315(2), Adams was ineligible for failure to act in accordance with Department regulations.[2] The Division mailed a copy of the Claims Deputy's decision to Adams' address of record on April 25, 2022.[3] The mailing was not returned.[4] Also noted in the mailed decision was the timeframe for an appeal. Pursuant to 19 *Del. C.* § 3318(b) the appeal must be

---

[1] Unemployment Insurance Appeals Board Tr. of Records at 1.
[2] *Id. See also* 19 *Del. C.* §§ 3315, 3315(2).
[3] Unemployment Insurance Appeals Board Tr. of Records at 2.
[4] *Id.*

filed within 10 calendar days after the decision was mailed.[5] If an appeal is not filed within 10 days, the Claims Deputy's decision becomes final.

3. Adams untimely appealed the Claims Deputy's decision. Although the Division's record states the appeal was received on June 2, 2022, Adams claimed and the Board agreed that her appeal was considered filed when she sent an email on May 22, 2022, indicating her desire to appeal.[6]

4. A telephonic hearing was scheduled to take place in front of an Appeals Referee on June 27, 2022.[7] Noted in bold on the Notice of Hearing that was mailed to Adams' address of record was that "[t]he only testimony at this hearing will be on the issue of the claimant's timeliness of appeal."[8] Adams did not appear for the hearing and the Appeals Referee issued a decision affirming the Claims Deputy's decision and dismissing the appeal.[9]

5. Adams timely appealed the Appeals Referee's decision on June 29, 2022.[10] In Adams' appeal request she states her reason for missing the hearing was due to her oversleeping.[11]

---

[5] *Id. See also* 19 *Del. C.* § 3318(b).
[6] Unemployment Insurance Appeals Board Tr. of Records at 4, 42, 69.
[7] *Id.* at 12.
[8] *Id.*
[9] *Id.* at 14.
[10] *Id.* at 16.
[11] *Id.* at 17.

6. On July 13, 2022, the Board remanded the case back to the Appeals Referee to hold another telephonic hearing where the only issue to be discussed was the timeliness of Adams' appeal of the Claims Deputy's decision.[12]

7. The Appeals Referee held a hearing on August 15, 2022, in which Adams and JJ Lang, a representative of the Department, were present. At the hearing Adams provided documentation showing she appealed the Claims Deputy's decision on May 22, 2022.[13] Adams did not provide any justification as to why she appealed the Claims Deputy's decision after the deadline. Additionally, Adams did not provide any evidence of a Departmental error in the mailing of the Claims Deputy's decision.

8. The Appeals Referee issued a decision on August 15, 2022, which was mailed to Adams that same day.[14] The Appeals Referee affirmed the decision of the Claims Deputy.[15] In affirming the decision, the Appeals Referee stated there was no administrative error by the Department when

---

[12] It was noted in transcript from the Appeals Referee's hearing that the Notice of Hearing stated Adams was permitted to present evidence regarding her unemployment benefits claim. However, the Appeals Referee explained that was an error and the only issue to be discussed at the hearing was the timeliness of Adams' appeal of the Claims Deputy's decision. Adams indicated she understood. *Id.* at 21, 29-31.

[13] *Id.* at 42.

[14] *Id.* at 61.

[15] *Id.* at 60.

mailing the Claims Deputy's decision and no evidence from Adams that she filed an appeal on or before May 5, 2022.[16]

9. Adams appealed the Appeals Referee's decision on August 21, 2022.[17]

10. The Board held a Review Hearing on August 24, 2022.[18] The Board then issued its' decision denying further review of the appeal and affirming the Appeals Referee's decision on October 18, 2022.[19] The Board concluded there was no evidence that the Department used an incorrect address for Adams nor did Adams provide sufficient justification for her untimely appeal.[20] Furthermore, in Adams' appeal to the Board she states she had additional paperwork to support her claim.[21] However, the Board found no additional documentation attached to Adams' appeal.[22] The Board also found no error in the Appeals Referee's decision.[23] The Board's decision became final on October 28, 2022.[24] Adams then timely appealed to this Court on November 4, 2022.[25]

---

[16] *Id.*
[17] *Id.* at 67-68.
[18] *Id.* at 69.
[19] *Id.* at 70.
[20] *Id.*
[21] *Id.* at 68.
[22] *Id.* at 70.
[23] *Id.*
[24] *Id.* at 71.
[25] Pursuant to 19 *Del. C.* § 3323 any party may appeal to the Superior Court within 10 days after the Board's decision becomes final. This is unlike 19 *Del. C.* § 3318(b), which requires the party to appeal the Claims Deputy's decision within 10 days of the date the decision was mailed.

**Standard of Review**

11. The Court's appellate review is limited to determining whether the Board's findings and conclusions are supported by substantial evidence and free from legal error.[26] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27] Discretionary decisions of the Board will be upheld unless the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[28] The Court may not weigh evidence, decide questions of credibility, or engage in fact-finding upon review of the Board's decision.[29]

**Analysis**

12. Pursuant to 19 *Del. C.* § 3318(b), Adams had 10 days from the date of mailing to file an appeal of the Claims Deputy's decision. The decision was mailed on April 25, 2022, meaning Adams had until May 5, 2022, to file a timely appeal. The Appeals Referee held a hearing regarding the timing of the appeal. At the hearing Adams admitted that she did not send an email

---

[26] *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871, at *2 (Del. Super. Jan. 23, 2009).
[27] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).
[28] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).
[29] *Toribio*, 2009 WL 153871, at *2.

requesting an appeal until May 22, 2022.[30] Adams was then afforded the opportunity to present evidence or justification as to why her appeal was untimely. Adams failed to justify why the appeal was filed late. The Appeals Referee then dismissed the appeal and affirmed the Claims Deputy's decision.

13. After reviewing all of the available evidence and the record below, the Board exercised its discretion, pursuant to 19 *Del. C.* § 3320(a), to not hear Adams' appeal.[31] There was no evidence that the Department made an error when mailing the Claims Deputy's decision. In Delaware, if mail is correctly addressed, stamped and mailed a rebuttable presumption is created that the mail is received.[32] The presumption may be rebutted if there is evidence that the mailing was never received.[33] However, a lack of evidence that a mailing error occurred supports the presumption that the mail was properly addressed and received.[34] Here, the Board found no evidence of an error on behalf of the Department.[35] The burden then shifted to Adams who was unable to present any evidence to the contrary. In fact, Adams even

---

[30] Unemployment Insurance Appeals Board Tr. of Records at 42.
[31] 19 *Del. C.* § 3320(a) gives the Board the discretion to "affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal. . . ."
[32] *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *3 (Del. Super. Apr. 30, 2009), *aff'd*, 984 A.2d 124 (2009).
[33] *Id.*
[34] *Id.*
[35] Unemployment Insurance Appeals Board Tr. of Records at 70.

confirmed that her address of record, which is where the Department sent the decision, was her correct address.[36] Since the Board concluded that there was no error made by the Department, Adams was presumed to have received the mailing.[37] Due to the notice being sufficient, Adams' due process rights were not violated.[38]

14. The Board's discretionary decision to decline further review of the appeal did not exceed the bounds of reason or produce an injustice. The Board has previously explained why it avoids exercising power over late appeals stating:

> in a situation where a party has filed a late appeal from an administrative decision, the Board is extremely cautious in assuming jurisdiction over the matter. It does so only in those cases where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction. Such cases have been few and far between . . . .[39]

Again, the Board concluded Adams did not provide any evidence of why the appeal was filed late.[40]

---

[36] *Id.* at 28.
[37] *Id.* at 70.
[38] *Id. Straley*, 2009 WL 1228572, at *3.
[39] *Funk v. Unemployment Insurance Appeal Board*, 591 A.2d 222, 225 (Del. 1991).
[40] Unemployment Insurance Appeals Board Tr. of Records at 70.

## Conclusion

15. The Court finds that the Board did not abuse its discretion when it affirmed the Appeals Referee's decision and denied further review of the appeal. There was no evidence in the record that Adams was sent improper notice of the Claims Deputy's decision including the appropriate timeframe to appeal. The Court also concludes that the Board's discretionary decision to deny further review was supported by substantial evidence and free from legal error. Accordingly, the Board's decision is **AFFIRMED.**

   **IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary

8